ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR - 1 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BARRY D. CROW,                          )
           Petitioner,           )
                            )
v.                                      )       No. 3:03-CV-1438-N
                            )
DOUGLAS DRETKE, Director,               )
Texas Department of Criminal Justice,   )
Correctional Institutions Division,     )
           Respondent.           )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

      This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

### I. Parties

      Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28

U.S.C. § 2254. Respondent is Douglas Dretke, Director of TDCJ-CID.

### II. Background

      On November 23, 1999, Petitioner was convicted of sexual assault of a child in the 283rd

Judicial District Court, Dallas County, Texas, cause number F-99-37245-VT. He was sentenced

to 15 years confinement. On June 30, 2000, the Fifth District Court of Appeals affirmed the

conviction. *Crow v. State*, No. 05-99-02150-CR (Tex. App. – Dallas, June 30, 2000). On

November 29, 2000, the Texas Court of Criminal Appeals refused the petition for discretionary

Findings, Conclusions and Recommendation
of the United States Magistrate Judge      Page -1-

review. *Crow v. State*, No. 05-99-02150-CR (Tex. App. – Dallas, June 30, 2000), petition for discretionary review refused (Nov. 29, 2000) (unpublished).

On January 10, 2002, Petitioner filed a state petition for habeas relief. *Ex parte Crow*, Application No. 52,773-01. On June 26, 2002, the Texas Court of Criminal Appeals denied the petition without written order. *Id.* at cover.

On June 22, 2003, Petitioner filed this petition. He argues: (1) the conviction was the result of an involuntary guilty plea; and (2) he received ineffective assistance of counsel.

On January 9, 2004, Respondent filed his preliminary response arguing the petition is time-barred. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II.  Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner was convicted on November 23, 1999. The Fifth District Court of Appeals affirmed his conviction on June 30, 2000. On November 29, 2000, the Texas Court of Criminal Appeals refused the petition for discretionary review. The conviction therefore became final ninety days later on February 28, 2001. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until February 28, 2002, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 10, 2002, Petitioner filed his state petition for habeas relief. This petition tolled the limitations period until June 26, 2002, when the Texas Court of Criminal

---

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

Appeals denied the petition. Petitioner then had until August 15, 2002, to file his federal

petition. Petitioner did not file his federal petition until June 22, 2003. His petition is therefore

untimely.

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable

tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.

Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to

equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states his petition should be considered timely because: (1) he filed his state

habeas petition on December 2, 2001, rather than January 10, 2002; (2) although his state habeas

petition was denied on June 26, 2002, he did not receive notification until July 8, 2002; and (3)

he "believes that everything was filed within the time limits to the best of his ability." (Pet's

Preliminary Response, p.2).

Although Petitioner states he filed his state habeas petition on December 2, 2001, the

state records show the petition was filed on January 10, 2002. Further, even if Petitioner was

granted equitable tolling for the thirty-nine days until January 10, 2002, his petition would still

be untimely by approximately nine months. Similarly, even if Petitioner was granted equitable tolling for the twelve days from June 26, 2002, when his state habeas petition was denied, until July 8, 2002, when he received notice of the denial, his petition would still be time-barred by approximately ten months. Finally, although Petitioner states he believes "everything was filed within the time limits to the best of his ability," a Petitioner's lack of knowledge of the filing deadlines or ignorance of the law does not equitably toll the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Petitioner has failed to show that he diligently pursued habeas corpus relief as required for equitable tolling. *See Coleman,* 184 F.3d at 402 (5th Cir. 1999). Petitioner has not shown that he was actively mislead by the State, or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this _1_ day of _March_ , 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE